# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 05-1326


**WEST LOUISIANA HEALTH SERVICES, INC.**
**D/B/A BEAUREGARD MEMORIAL HOSPITAL**

**VERSUS**

**DAN BUTLER, M.D.**


********** 

APPEAL FROM THE
THIRTY-SIXTH JUDICIAL DISTRICT COURT
PARISH OF BEAUREGARD, NO. C-2005-0432
HONORABLE STUART S. KAY, JR., DISTRICT JUDGE

**********

## OSWALD A. DECUIR
## JUDGE

**********

Court composed of John D. Saunders, Oswald A. Decuir, and Billy Howard Ezell, Judges.

**REVERSED AND RENDERED.**


**Michael R. Garber**
**Attorney at Law**
**1801 Ryan Street**
**Lake Charles, LA 70601**
**(337) 494-5500**
**Counsel for Defendant/Appellant:**
    **Dan Butler, M.D.**

**H. O. Lestage, III**
**Hall, Lestage & Landreneau**
**P. O. Box 880**
**DeRidder, LA 70634**
**(337) 463-8692**
**Counsel for Plaintiffs/Appellees:**
    **West Louisiana Health Services, Inc.**
    **Beauregard Memorial Hospital**
    **West Louisiana Health Services, Inc.**

**DECUIR, Judge.**

West Louisiana Health Services, Inc., d/b/a Beauregard Memorial Hospital, brought this action against Dan Butler, M.D., seeking confirmation of an arbitration award which stemmed from a contractual dispute between the parties. Dr. Butler responded by filing an exception of no right of action and an answer and cross claim seeking enforcement of the contract via mediation. The trial court overruled Butler's exception and denied his cross claim. Purporting to confirm the arbitration award, the trial court then rendered a money judgment in favor of the hospital. We reverse and render a declaratory judgment confirming the arbitration award.

## FACTS

This dispute arose from the hospital's efforts to attract a specialist in the field of orthopedics to set up a medical practice in rural Beauregard Parish. The parties ultimately entered into a contract, entitled Physician Assistance Agreement, whereby Dr. Butler agreed to establish a practice in the area for a period of at least two years, and the hospital guaranteed him an annual income of at least $300,000.00. The contract specified that if, on a monthly basis, Dr. Butler's net income, after the deduction of professional expenses, was less than the guaranteed amount, the hospital would pay the difference to him.[1] However, any amount paid in excess of the guaranteed amount over the full contract period was required to be repaid by Butler.[2] A provision was included for the forgiveness of any indebtedness should Butler

_____

[1] Paragraph 4.3.1 provides: "If Physician's net income for that month is less than the monthly pro-rata portion of the Guaranteed Amount, Hospital will pay the difference to the Physician within ten (10) days after receiving the records."

[2] Paragraph 4.3.2 provides: If Physician's net income for that month is equal to or greater than the monthly pro-rata portion of the Guaranteed Amount, Hospital shall make no payment to Physician for that month. If Physician's net income exceeds the monthly pro-rata portion of the Guaranteed Amount, Physician shall pay the excess to Hospital as repayment for any amounts that have already been advanced to him by Hospital. Said payment shall be made by Physician within ten (10) days after receiving notification from Hospital of the amounts due. If no advance from Hospital remains to be repaid by Physician, the excess balance shall be carried forward and included in Physician's net income during the subsequent month.

decide to remain practicing in Beauregard Parish after the expiration of the contract term.[3] The contract also provided that any disputes concerning the reasonableness of professional expenses would be submitted to arbitration,[4] and other disputes would be resolved through mediation.[5]

---

[3] Paragraph 4.4.1 provides:

**Forgiveness of Physician's Indebtedness.** At the end of the Agreement term, if Physician's net income is less than $300,000 in the final year of the contract period, and Physician has been subsidized over the twenty-four (24) month period, all outstanding subsidy amounts will be forgiven after Physician has practiced in the community for a continuous period of four years immediately following expiration of this Agreement. Said forgiveness shall be amortized over such three year period according to the following schedule: (i) at the end of year No. 1 following expiration of the Agreement, thirty-three and a third percent (33 1/3%) of the outstanding subsidized amounts shall be forgiven; (ii) at the end of year No. 2 following expiration of the Agreement, thirty-three and a third percent (33 1/3%) of the original outstanding subsidy amounts shall be forgiven; and (iii) at the end of year No. 3 following expiration of the Agreement, thirty-three and a third percent (33 1/3%) of the original outstanding subsidized amounts shall be forgiven.

[4] Paragraph 4.2.2 provides:

**"Professional Expenses"** shall include all expenses normally and reasonably associated with the operation of the medical Practice described herein and which are deductible for federal income tax purposes using the cash basis method of accounting. The following define some of those expenses: malpractice insurance, rent, depreciation (excluding Section 179 deduction), salaries, (Family members employed by Physician are limited to prevailing hourly rate in DeRidder healthcare facilities.) car expense, insurance (health, disability, etc.), phones, office supplies, accounting, etc. Excluded are all contributions to retirement or deferred compensation plans on behalf of Physician and federal, state and local income taxes. Personal expenses unrelated to Physician's practice, gifts and donations made without the Hospital's prior approval are also excluded.

Any disputes concerning reasonableness of professional expenses which cannot be resolved between Hospital and Physician shall be referred to an arbitration panel for resolution. The arbitration panel shall consist of an independent accountant for the Hospital and for the Physician and a third party selected by the two independent accountants. Decisions of the arbitration panel will be binding on both the Hospital and Physician, and arbitration costs shall be paid by Hospital.

[5] Paragraph 8 provides:

**ATTORNEY'S FEES.** In the event either party breaches this Agreement, and the other party retains an attorney to protect its or his rights resulting from such breach, the breaching party shall pay the costs (including reasonable attorney's fees, up to, but not more than, 33 1/3 percent of damages awarded) incurred by the other party to protect its rights hereunder. It is agreed by both parties hereto that any disputes which cannot be resolved between Hospital and Physician shall be decided by mediation by a Louisiana attorney who is a member of Mediation Arbitration Professional Systems, Inc., to be selected by agreement between the parties, or in the event the parties fail to agree by the mediator whose name is drawn blindly by a person agreed upon by the parties from the names of not more than two such

At the end of the contractual term, the hospital conducted an audit of the Butler account and determined he had improperly received credit for $154,103.08 in unreasonable or disallowed professional expenses. Butler disputed this conclusion, and the matter was submitted to an arbitration panel consisting of three accountants, as articulated in the contract. The panel found that of the disputed expenses, $54,304.01 were "deemed 'allowable' in accordance with the Physician's Assistance Agreement," and $99,799.07 were "owed by Dr. Butler to Hospital."

**THE DISPUTE**

Dr. Butler did not disagree with the factual conclusion reached by the panel of arbitrators in its determination of the reasonableness of certain professional expenses. He did not, therefore, petition the district court to vacate, modify, or correct the award in accordance with La.R.S. 9:4210 and 9:4211. Rather, he maintained his orthopedics practice in Beauregard Parish and anticipated that his debt to the hospital would be forgiven over time as long as he remained in the parish, as described in the Physician Assistance Agreement at Paragraph 4.4.1. Accordingly, Dr. Butler did not pay the $99,799.07 found to be owed to the hospital.

Conversely, the hospital interpreted the arbitration panel's letter as an award of money and sought to collect it promptly in accordance with the Final Repayment provision of the contract, Paragraph 4.4. When Dr. Butler refused to pay in response to the hospital's collection efforts, the hospital filed suit seeking to confirm the arbitration award and collect the money found to be owed. The trial court agreed with the hospital's position, found Dr. Butler had lost his opportunity to contest the

---

qualified mediators submitted by each party hereto. Decisions reached in mediation will be binding on both parties and litigation is contractually waived hereby by both parties.

award by failing to request modification timely, and issued a money judgment against him.

## DISCUSSION

We find manifest error in the judgment rendered by the trial court. Operation of the arbitrators' award as a money judgment will necessarily take away the doctor's rights under the contract to have the debt forgiven over time and resolve any further disputes by mediation. Further, the trial court's judgment misinterprets the award of the arbitration panel, which panel was vested with authority only to determine the reasonableness of expenses. The trial court did not properly confirm the arbitration award by issuing a money judgment in the hospital's favor. Rather, the trial court should have merely confirmed the factual conclusions of the panel regarding the reasonableness of expenses, *i.e.*, that $99,799.07 in expenses claimed by Dr. Butler were unreasonable and that $54,304.01 in disputed expenses were reasonable. Beyond that determination, the contractual provisions must govern the rights and liabilities of the parties.

## DECREE

We render a declaratory judgment confirming the findings of the arbitrators and reversing the money judgment rendered by the trial court. The dispute between the parties, if any remains, is subject to resolution pursuant to the terms of the contract. Costs of this appeal are assessed to West Louisiana Health Services, Inc., d/b/a Beauregard Memorial Hospital.

**REVERSED AND RENDERED.**

4